IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER ELEVEN |
| | : | |
| MACHNE MENACHEM, INC. | : | BANKRUPTCY NO.: 5-01-bk-04926 |
| | : | **{Nature of Proceeding:** Debtor's Motion for |
| Debtor-in-Possession | : | Clarification and/or Reconsideration of Order |
| | : | Confirming the Modified Second Amended Plan |
| | : | of Reorganization dated December 19, 2005, |
| | : | filed by Yaakov Spritzer (Doc. #626)} |

# **OPINION**

On October 16, 2006, the Debtor, Machne Menachem, filed a Motion for "Clarification and/or Reconsideration" regarding the Court's confirmation of a plan advanced by proponent, Yaakov Spritzer. I will treat the Motion as presented under Federal Rule of Civil Procedure 59, incorporated into bankruptcy matters by Federal Rule of Bankruptcy Procedure 9023.

The Debtor attempts to advance several of the issues theretofore addressed at the confirmation hearing and at least one argument raised for the first time in its post-trial motion. Rule 59(e) cannot generally be used to raise arguments that were not raised at the initial hearing.

> Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion. However, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be

justified by an intervening change in controlling law.

> The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. Also, amendment of the judgment will be denied if it would serve no useful purpose.

11 Charles Alan Wright, Arthur K. Miller & Mary Kay Kane, Federal Practice and Procedure § 2810.1 (2006)(footnotes omitted).

The Debtor, in its objection to the plan and at the time of the hearing on the plan, focused its argument on three prongs:

1. The Spritzer plan was contrary to New York law;

2. The plan was not feasible; and

3. The plan was not offered in good faith.

These issues were addressed in the confirmation Opinion. (Doc. #594)

In its post-confirmation pleading, the Debtor advances the same arguments and supplements that argument by alluding, for the first time, to the basic unfairness in Spritzer's plan of deeming allowed, claims that were being challenged by the Debtor.

As indicated heretofore, motions under Rule 59 are granted for a variety of reasons, including newly discovered evidence, manifest errors of law or fact, to prevent manifest injustice, and an intervening change in controlling law.

There is no new evidence or change in law. If there are manifest errors of law or fact, they are not apparent to the Court.

The Debtor complains about Court-approved modifications subsequent to the confirmation hearing, but none appear to be of negative consequence to either the Debtor or the creditors. The Court approved (1) a credit to the purchase price of the undisputed

first mortgage against the property conditioned on the Debtor being released from further liability on the mortgage and (2) the substitution of the theretofore appointed Chapter Eleven Trustee as the plan disbursement agent.

## EQUITABLE MOOTNESS

Immediately after final confirmation, the real estate of the Debtor was transferred to a nonprofit corporation pursuant to the confirmed plan and, contemporaneously with the transfer, monies were delivered to the Chapter Eleven Trustee as the disbursing agent. The Debtor sought no stay of the confirmation. Spritzer, the proponent, now argues that the doctrine of equitable mootness prevents this Court from according relief suggesting that the Debtor's Motion for Clarification and/or Reconsideration should, accordingly, be denied.

"Under this widely recognized and accepted doctrine, the courts have held that '[a]n appeal should ⋯ be dismissed as moot when, even though effective relief could conceivably be fashioned, implementation of that relief would be inequitable.' Citation omitted." *In re Continental Airlines,* 91 F.3d 553, 559 (C.A.3 (Del.) 1996).

> Factors that have been considered by courts in determining whether it would be equitable or prudential to reach the merits of a bankruptcy appeal include (1) whether the reorganization plan has been substantially consummated, (2) whether a stay has been obtained, (3) whether the relief requested would affect the rights of parties not before the court, (4) whether the relief requested would affect the success of the plan, and (5) the public policy of affording finality to bankruptcy judgments.

*In re Continental Airlines,* 91 F.3d 553, 560 (C.A.3 (Del.) 1996)

The concept of equitable mootness has been applied to matters other than appeals when the subject matter has been confirmation of a plan of reorganization. *Almeroth v.*

*Innovative Clinical Solutions, Ltd. (In re Innovative Clinical Solutions, Ltd.),* 302 B.R. 136, 140-41 (Bankr. D.Del. 2003).

The first factor asks for a determination whether the plan has been "substantially consummated." This is a term of art defined in 11 U.S.C. § 1101(2) as

> (A) transfer of all or substantially all of the property proposed by the plan to be transferred;
> (B) assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and
> (C) commencement of distribution under the plan.

11 U.S.C.A. § 1101

There is no disagreement that all tangible property of the Debtor has been transferred to a nonprofit corporation under the plan. Moreover, distribution to certain creditors has already taken place.

Since the Debtor was not the proponent of this liquidating plan, little remains for the Debtor post confirmation but the advancement of certain litigation and a continuation of their corporate purpose.

This factor weighs in favor of mootness.

The second factor asks whether a stay has been obtained. The answer is no. This, despite ample opportunity to do so. An appeal from the provisional confirmation order was filed as early as September 19, 2006, yet no stay was sought. A subsequent Order confirming the Modified Second Amended Plan was entered October 5, 2006. Debtor filed a Motion to Reconsider on October 16, 2006, yet still failed to seek a stay. An appeal was filed October 18, 2006, yet no stay was requested. It was not until the proponent, Yaakov Spritzer, filed a notice of substantial consummation on October 30,

2006, that the Debtor moved for a stay pending reconsideration.

The third factor, whether parties not before the Court would be affected by a successful motion to reconsider, does not appear to be a factor inasmuch as the purchaser is a principal creditor or his affiliate.

The fourth factor being whether a victory on appeal will affect the success of the plan certainly weighs in favor of mootness since the appeal asks that confirmation of the plan be denied.

The last factor advancing the public policy argument of attaching finality to bankruptcy judgments, may actually be the most compelling item on this issue. While the Debtor's case began five years ago, litigation amongst its principals languished in the New York courts for many years before that. While in bankruptcy, no less than two confirmation hearings were conducted resulting in extended appeals processes. Throughout the course of this controversy, the tension was not between creditor and Debtor but between rival factions fighting for control of the religious camp represented by the Debtor corporation. The confirmed plan had the effect of allowing the tangible camp property to change hands while permitting the current directors to retain control of the corporate organization. If any scenario presents a more compelling argument for advancing the finality of a court judgment, I have not been made aware of such case. This factor alone would be sufficient to allow me to conclude that equitable mootness should attach to this proceeding.

Notwithstanding this conclusion, there is a substantial argument, based on policy, why a bankruptcy judge should not entertain this doctrine with regard to a reconsideration

motion. Appellate review by an Article III Judge is a fundamental pillar of our jurisdictional grant. It would be overreaching for a bankruptcy judge to conclude that the parties to a potential appeal have the tools to negate this fundamental right. See, for example, the concurring opinion of then Circuit Judge Alito in *Nordhoff Investments Inc. v. Zenith Electronics Corp.*, 258 F.3d 180, 182 (3d Cir.2001). For this reason, I decline to dispose of this Motion on mootness grounds, especially in light of the lack of substance advanced in furtherance of the Rule 59 motion. The Debtor has simply not raised any manifest error of law or fact or brought to my attention any new evidence. It appears that, if the Debtor would succeed on its Rule 59 motion, it would simply present additional "facts" that it overlooked at the initial hearing. As suggested earlier, these are insufficient grounds to grant a Rule 59 motion.

    For these reasons, the Motion will be denied.

    An Order shall follow.

Date: December 29, 2006

*signature*
John J. Thomas, Bankruptcy Judge
(CMS)
*This opinion is electronically signed and filed on the same date.*