IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER ELEVEN |
| MACHNE MENACHEM, INC., | : | BANKRUPTCY NO.: 5-01-bk-04926 |
| DEBTOR-IN-POSSESSION | : | |
| KELLY BEAUDIN STAPLETON, | : | {**Nature of Proceeding:** Motion to |
| UNITED STATES TRUSTEE, | : | Define Chapter 11 Trustee's Continuing |
| MOVANT | : | Role (Doc. #707)} |
| vs. | : | |
| MACHNE MENACHEM, INC., | : | |
| RESPONDENT | : | |

# OPINION

Under advisement is the Motion of the United States Trustee to "Define Chapter 11 Trustee's Continuing Role."(Doc. #707)

Procedurally, this case began as a Chapter 11 on December 6, 2001 and witnessed several unsuccessful plan proposals. On July 20, 2006, on the Court's own motion, a Chapter 11 Trustee was appointed. Subsequently, on October 5, 2006, a plan filed by a creditor, Yaakov Spritzer, was confirmed. The substance of the creditor's plan was to convey real estate of the Debtor to Spritzer or his assignee for fair value. Although the Debtor appealed confirmation, since no stay was obtained, the transfer of the real estate occurred, thus divesting the Debtor of its principal asset. At this point, the Debtor is left with nominal funds and various possible causes of actions as well as a stake in the sale proceeds.

The role of a Chapter 11 Trustee, post-confirmation, is an interesting issue. Statutorily, the Court is given no power to appoint a Trustee, after confirmation. 11 U.S.C.A. § 11204(a). Nor is the Court given any power to t*erminate* an eleven Trustee *after* confirmation. 11 U.S.C.A. § 1105. Nevertheless, the Bankruptcy Code does permit the post -confirmation retention of a Trustee for purpose of adjustment or settlement of claims pursuant to 11 U.S.C.A. § 1123(b)(3). If I apply the canon of *expressio unius est exclusio alterius*[1], then I would conclude that such permission is constrictive. Any greater authority would presumably exceed the options available to a plan proponent.

Notwithstanding the statutory language, the proponent and the principal secured creditor did agree, prior to confirmation, that the Trustee would stand in the shoes of the disbursing agent provided for in the proponent's plan. See Transcript of September 7, 2006 (Doc. #598). The Trustee, however, appeared to envision a more active role postpetition, a role questioned by the Court. Transcript of December 21, 2006 (Doc. #757). As if in response, the United States Trustee, on January 19, 2007, filed a Motion to Define the Chapter 11 Trustee's Continuing Role. While an Objection to this was filed by the Debtor, this Motion enjoys the support of the plan proponent.

Make no mistake, this case bespeaks of a long-running and agonizing struggle between two factions of a Jewish Hasidic sect based in Brooklyn, New York.[2] Their

---

[1] "A canon of construction holding that to express or include one thing implies the exclusion of the other." *Black's Law Dictionary* (8th ed. 2004).

[2] See the Court's Opinion in *In re Machne Menachem*, 304 B.R. 140 (Bankr. M.D.Pa. 2003).

dispute has spilled over into the Middle District of Pennsylvania by reason of the prepetition purchase by the non-profit Debtor of a summer camp in the Pocono region of the District. The 2001 bankruptcy has been shadowed with much litigation and ensuing appeals. The confirmed plan was advanced by one of those factions wearing the mantle of a creditor. The plan provided for the transfer of the Debtor's principal asset, a summer camp, to a new, non-profit entity. As earlier indicated, this has left the Debtor with little more than intangible assets in the form of causes of actions, etc.

The United States Trustee now asks that I bestow upon the Trustee, the following powers:

    a.     To make distributions under the Plan;
    b.     To file a motion to close;
    c.     To file tax returns;
    d.     To file Quarterly Reports;
    e.     To pay Quarterly Fees due the United States Trustee;
    f.     To hire and fire professionals;
    g.     To investigate, object to, pay and/or settle claims; and
    h.     To investigate, marshal and account for assets of the estate of the Debtor, including a full accounting of any loans/insider payments between the Debtor and its officers and/or directors and the accounting of all funds relating to the leasing of the camp property in 2006.

Initially, I note that the confirmation of the plan terminates the Debtor's estate. *In re Resorts International, Inc.*, 372 F.3d 154, 156 and 165 (3d Cir. 2004). Except as provided in the confirmed plan, all property of the estate vests in the Debtor. 11 U.S.C.A. § 1141(b). The plan, as originally submitted by the creditor, Yaakov Spritzer, did not address the continuation of the Chapter 11 Trustee's services. See Doc. #448, Modified

Second Amended Pan of Reorganization dated December 19, 2005, filed by Yaakov Spritzer, at ¶ 13.1. It was only at a pre-confirmation hearing on September 7, 2006, that the Chapter 11 Trustee's continuing role as a "disbursing agent" was presented to the Court by agreement between the plan proponent and the principal secured creditor. Transcript of September 7, 2006 at 4 (Doc. #598).

I'm satisfied that a review of §§ 1104(a), 1105, and 1123(b)(3) demonstrate a legislative intent that a Chapter 11 Trustee's role in a confirmed eleven is extremely limited unless that role has been addressed prior to final confirmation. To expand the Trustee's role as requested by the United States Trustee and the plan proponent from his current responsibility as a disbursing agent would not be consistent with the statute nor with my general jurisdictional post-confirmation limitations as enunciated in *In re Resorts International, Inc.*, 372 F.3d 154 (3d Cir. 2004). While *Resorts* would allow for limited post-confirmation jurisdiction, (*In re Shenango Group Inc.*, 2007 WL 2505585 (3d Cir.(Pa. (C.A.3 (Pa.), 2007)), I believe that post-confirmation authority, exercised under 11 U.S.C.A. § 1142, must be defined prior to confirmation. Even should this Court have jurisdictional authority to enlarge the powers of a prepetition Chapter 11 Trustee so that those powers would extend post confirmation, there is a significant question whether the Bankruptcy Code would permit me to do that at this time. *In re American Preferred Prescription, Inc.*, 255 F.3d 87 (2d Cir. 2001). Accordingly, the United States Trustee's Motion to Define the Chapter 11 Trustee's Continuing Role is granted and the Trustee's responsibilities are defined and limited to that of disbursing agent as described in the

official Transcript of September 7, 2006 and incorporated in the Confirmation Order.

An Order will follow.

Date:   October 15, 2007

John J. Thomas, Bankruptcy Judge
(CMS)

*This opinion is electronically signed and filed on the same date.*